

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JAMES H. BRADY, :

                Plaintiff, :

       -against- :   **REPORT AND RECOMMENDATION**

ASSOCIATED PRESS TELECOM; NBC NEWS :     16-CV-2693 (GBD) (KNF)
NEW YORK; WCBS-TV NEW YORK; THE
NEW YORK TIMES COMPANY; THE NEW :
YORK POST; NEW YORK DAILY NEWS;
THE WALL STREET JOURNAL; NEWSDAY :
MEDIA GROUP; and John Doe 1-50,
                 :

             Defendants.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

***Background***

     The plaintiff commenced this action seeking "$100 million in punitive damages" and "a

mandatory injunction requiring the named media Defendant journalists to follow their own

Journalism Code of Ethics" because the defendants "have deliberately, and in violation of their

duty to the public, kept the largest public corruption scandal in US history out of the news." The

plaintiff asserts that he "had the contract description of his '12th Floor and Roof Unit' apartment

in Manhattan commercial co-op attacked and rewritten multiple times in attempts to void the

$100 million worth of development rights that were contractually appurtenant to Plaintiff's

apartment." The plaintiff alleges that the previous lawsuits he filed in state courts "were rigged

and the Justices did not permit oral arguments or deposition of any witnesses because they knew

the whole house of cards build [sic] on sand would collapse if these individuals were ever asked

to explain why Plaintiff's contract does not mean what it says on its face." According to the

plaintiff, the defendants "betrayed the public trust by suppressing from the news indisputable evidence that over 24 New York State Justices unlawfully rewrote or permitted other Justices to rewrite the offering plan contract description of my commercial apartment to void the $100 million dollars worth of are [sic] rights that were appurtenant to my '12th Floor and Roof Unit Apartment.'" The plaintiff alleges that "the media disregarded its duty to report to the public when shown that New York state judicial employees were repeatedly rewriting the contract description of Manhattan apartments with the criminal intent of voiding the contract's rights for the benefit of deep-pocketed New York City developers and their prestigious law firms." The plaintiff contends that "the media failed in its duty to report that Governor Cuomo, Attorney General Eric Schneiderman, Manhattan District Attorney Cyrus Vance, and most shamefully United States Attorney for the Southern District of New York Preet Bharara, were made well aware of the criminal activity and did absolutely nothing about it, making them as culpable as the corrupt judicial officials and employees." The plaintiff alleges that "the press [has a] duty to inform the public of this public corruption." The plaintiff asserts the following claims: (1) "aiding and abetting conspiracy to defraud"; (2) "violation of Fifth and Fourteenth Amendment"; (3) "conspiracy against rights"; (4) "willful misconduct"; and (5) "gross negligence."

Before the Court are motions to dismiss the complaint, pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure, made by: (i) The New York Times Company ("The Times"); (ii) Associated Press, CBS Broadcasting Inc., Daily News, L.P., Dow Jones & Company, Inc. and Newsday LLC (collectively "AP group defendants"); and (iii) NBCUniversal Media LLC ("NBC"). The plaintiff opposes the motions.

2

### *The Times's Contentions*

The Times asserts that "[t]he crux of the complaint is Plaintiff's contention that The Times conspired with other news organizations to keep his allegations against the public officials out of the news," but "Plaintiff's lawsuit rests on the plainly unconstitutional premise that The Times has a legal duty to report on a subject simply because a particular reader – in this case, Plaintiff – deems it newsworthy." According to The Times, the plaintiff's "pursuit of a mandatory injunction compelling The Times to publish various stories and of $100 million in punitive damages for The Times's failure to publish those stories already is frivolous." The Times contends that the plaintiff has no constitutional right to force it to publish any story and the mandatory injunction he seeks would violate the First Amendment. The Times asserts that the plaintiff's conspiracy claim fails as a matter of law because, to establish a claim of aiding and abetting fraud under New York law, the plaintiff must establish the existence of a fraud, but the complaint fails to allege any fraud by the public officials or that the plaintiff relied on any statement by the public officials. Moreover, the plaintiff failed to make any factual allegations in connection with his civil conspiracy claim, including that any conscious agreement existed among the purported conspirators or that an overt act in furtherance of any conspiracy was committed. According to The Times, the plaintiff's conspiracy against rights claim must be dismissed because no private right of action exists under 18 U.S.C. § 241. The plaintiff's negligence claim also fails because "[i]t is well established that a negligence claim brought by a reader against a newspaper over its content must be dismissed unless the plaintiff alleges a 'special relationship' or fraud," and no special relationship with The Times or fraud is alleged by the plaintiff.

3

### *AP Group Defendants' Contentions*

The AP group defendants contend that "[t]his is a meritless lawsuit alleging that Defendant news organizations are liable to Plaintiff, *pro se*, for failing to report on alleged corruption relating to a sale of air rights in a Manhattan co-op. Plaintiff seeks a court order forcing Defendants to investigate and publish a story about his conspiracy claims and awarding him a hundred million dollars to punish Defendants for not doing so sooner." The AP group defendants maintain that the plaintiff has a "vexatious litigation history" because "[f]or nearly a decade, Plaintiff has waged a battle over his loss of air rights in a co-op." According to the AP group defendants, the plaintiff seeks an unconstitutional relief because "the Second Circuit is clear that an order instructing Defendants to publish a story is unconstitutional." Since the plaintiff seeks "coerced newsgathering and speech by Defendants and penalties for their alleged failures in this regard," the complaint is "constitutionally defective." The AP group defendants assert that the plaintiff's aiding and abetting conspiracy to defraud claim is not pleaded adequately and no legal claim for aiding and abetting a conspiracy to defraud exists in New York. Even if construed as a common law fraud claim, it must fail because the plaintiff "makes no factual allegations at all as to each Defendant individually as he must," and his general allegations established only that the defendants knew of the litigation and chose not to report on it. The AP group defendants maintain that a 42 U.S.C. § 1983 ("Section 1983") claim must fail because the plaintiff did not and cannot plead that the defendants are state actors and "there is no federally enforceable right to one's desired news coverage." The AP group defendants assert that the plaintiff's conspiracy against rights claim, based on 18 U.S.C. § 241 fails because that is a criminal statute providing no private right of action. According to the AP group defendants, the plaintiff's willful misconduct and gross negligence claims fail because the defendants owe no

4

duty to the plaintiff to report on matters the plaintiff believes are newsworthy, and the plaintiff failed to plead any cognizable duty that the defendants owed him. In support of the motion, the AP group defendants submitted a declaration by their attorney with exhibits consisting of state-court decisions concerning the plaintiff's previous lawsuits that he referenced in his complaint and copies of unpublished opinions cited by the defendants.

### *NBC's Contentions*

NBC contends that the complaint does not allege any facts to support a claim on any cognizable legal theory; rather, the action against the defendants "appears to be Plaintiff's chosen means of expressing his personal dismay that his real estate dispute did not receive his desired level of publicity." NBC asserts that the First Amendment bars the plaintiff's equitable claim to force NBC to publish his story and to listen to his speech and he has no constitutional claim for damages. The plaintiff failed to allege aiding and abetting or conspiracy liability, as no allegations of fraud by the public officials or any agreement among the purported conspirators are made. NBC contends that the plaintiff has no private right of action under 18 U.S.C. § 241. According to NBC, "it is well established that '[i]n the absence of fraud or a special relationship between [the publisher and the reader] publishers owe no duty of care to readers or to the public at large," and any tort claim must fail because neither a special relationship with NBC was alleged nor that the plaintiff was defrauded by content published by NBC. Furthermore, the complaint should be dismissed with prejudice, without granting the plaintiff leave to replead because the relief sought is barred by the First Amendment and "under no circumstances could Plaintiff's basis for requesting it amount to a cause of action."

5

*Plaintiff's Contentions*

The plaintiff contends that the defendants' "argument that they are not bound to report public corruption is proof of violations of Judicial Law 487, and fraud upon the court by officers of the court." According to the plaintiff, "Defendants NBC News and the Associated Press, along with other media agencies, filed a complaint in federal court arguing that under the First Amendment, the public had a right to documents under the First Amendment pertaining to names of possible co-conspirators in what is known as the 'George Washington Bridge scandal.'" The plaintiff asserts that, "[r]ather than perform their duties to protect the public from 'deception in government,' Media Defendants have colluded with the corrupt Judges and judicial state employees who facilitated the defrauding of Plaintiff under his Offering Plan contract." The plaintiff asserts that the AP group defendants' inclusion of exhibits containing the state-court decisions in the plaintiff's prior actions violates "Judiciary Law 487" when "these decisions conclusively prove Plaintiff's claims of judicial corruption." The plaintiff asserts that "the public and media defendants' shareholders have a First Amendment right to know about this case" and the plaintiff "has a constitutional right to equal protection under the law." The plaintiff contends that he alleged his claims sufficiently.

*AP Group Defendants' Reply*

The AP group defendants assert that in his "*ad hominem* attacks at Defendants and their counsel contained in the Plaintiff's Opposition to the motion to dismiss, Plaintiff utterly fails to contest any of the numerous, dispositive legal arguments Defendants laid out in their opening memorandum." The plaintiff "cites no case that challenges the clearly established principle that the 'choice of material to go into a newspaper, and the decisions made as to limitations on the size and content of the paper, and treatment of public issues and public officials—whether fair or

6

unfair—constitute the exercise of editorial control and judgment." According to the AP group defendants, the plaintiff failed to respond to their substantive arguments and he failed to articulate what equal protection right he believes the defendants violated or how they can be liable under Section 1983, since they are not state actors. The plaintiff failed to identify any factual allegations demonstrating that he pleaded sufficiently his claim of aiding and abetting a conspiracy to commit fraud; rather, he contends only that he asserted the elements of that claim. However, the complaint is devoid of any facts supporting his aiding and abetting a conspiracy to commit fraud claim.

## *NBC's Reply*

NBC contends that the plaintiff's opposition consists of "*ad hominem* attacks on the defendants and their counsel, accusing the undersigned of violating Section 487 of the New York Judiciary Law simply by virtue of making the present motion." The plaintiff failed to show any way in which he could state a claim to relief that is plausible on its face.

## *Legal Standard*

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

7

"Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d Cir. 2010) (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). On a motion pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor. See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n, 655 F.3d 136, 141 (2d Cir. 2011).

"There is no substantive tort of conspiracy. Hence, there are no separable elements of a cause of action of conspiracy to allege." Goldstein v. Siegel, 19 A.D.2d 489, 492, 244 N.Y.S.2d 378, 382 (App. Div. 1st Dep't 1963). "Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort." Alexander & Alexander of New York, Inc. v. Fritzen, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546, 547 (1986) (citation omitted). "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." Eurycleia Partners v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559, 883 N.Y.S.2d 147, 150 (2009). To state a claim under Section 1983, a plaintiff must allege that: "(1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges." Annis v. Cty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998). "To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages." Greenberg, Trager & Herbst, LLP v. HSBC Bank USA, 17 N.Y.3d 565, 576, 934 N.Y.S.2d 43, 48 (2011). "[A] party is grossly negligent when it fails to exercise even slight care or slight diligence." Goldstein v. Carnell Assocs., Inc., 74 A.D.3d 745,

8

747, 906 N.Y.S.2d 905, 905-06 (App. Div. 2d Dep't 2010) (quotation marks and citations omitted).

### *Application of Legal Standard*

The plaintiff failed to allege any material misrepresentation of a fact by any defendant, thus, failing to plead fraud. Absent plausible factual allegations stating a claim of fraud, no conspiracy to defraud can exist. The plaintiff failed to allege any factual content in support of his claims for aiding and abetting conspiracy to defraud, fraud and conspiracy. The plaintiff's claim of conspiracy against rights, 18 U.S.C. § 241, is based on a criminal statute. No private right of action exists under this criminal statute. See Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190, 114 S. Ct. 1439, 1455 (1994) (refusing "to infer a private right of action from 'a bare criminal statute.'"). The plaintiff failed to allege that the defendants acted under the color of state law; thus, he failed to state a claim under Section 1983.

The plaintiff asserted in his complaint that the defendants had a duty to expose "this massive corruption scandal" by reporting the plaintiff's "story." The AP group defendants contend that the plaintiff "failed to plead any cognizable duty that Defendants owed to him," while The Times and NBC contend "it is well established" that "absent fraud or a special relationship between" the plaintiff and the defendants, publishers owe no duty of care to readers or the public at large. The Times and NBC failed to show that "it is well established" that publishers owe no duty of care to readers or the public at large because they did not support their contention with any binding precedent. Although claiming that its proposition is "well established," NBC made citation to an unpublished Second Circuit summary order, McMillan v. Togus Reg'l Office, 120 Fed. Appx. 849 (2005), involving the dismissal of "claims against the National Academy of Sciences and the Institute of Medicine for allegedly issuing false,

inaccurate, and incomplete reports regarding Agent Orange." Id. at 852. The McMillan court
stated:

> In the absence of fraud or a special relationship between them, which is not
> alleged, publishers owe no duty of due care to readers or to the public at large.
> No cause of action therefore arises (absent fraud) even if published information is
> false and the falsity results in injury to the plaintiff when the plaintiff, like
> McMillan, is merely a reader or member of the public. *See, e.g., First Equity
> Corp. of Florida v. Standard & Poor's Corp.,* 869 F.2d 175, 179 (2d Cir. 1989).

However, in this circuit, "an unpublished summary order, is not precedential." Hoefer v. Bd. of
Educ. of the Enlarged City Sch., 820 F.3d 58, 65 (2d Cir. 2016). Even if it were precedential,
neither McMillan nor First Equity Corp. of Florida, on which The Times relies for its proposition
that "a negligence claim brought by a reader against a newspaper over its content must be
dismissed unless the plaintiff alleges a 'special relationship' or fraud," applies here because both
involve a publisher's liability to readers or subscribers for negligent misrepresentations, not a
publisher's liability for failure to publish. Similarly, the case on which the AP group defendants
rely for the proposition that the plaintiff "failed to plead any cognizable duty that Defendants
owed him," Euryclea Partners, LP v. Seward & Kissel, LLP, 46 A.D.3d 400, 849 N.Y.S.2d 510
(App. Div. 1st Dep't 2007), also involved "a cause of action for negligent misrepresentation." Id.
at 402, 849 N.Y.2d at 512. The plaintiff does not allege negligent misrepresentation; rather, he
alleges that the defendants are liable because they failed in their duty to expose "this massive
corruption scandal" by reporting the plaintiff's "story." None of the defendants makes citation to
any binding authority for the proposition that a negligence claim, such as the one the plaintiff
asserts here, based on a publisher's failure to publish a story, must be dismissed absent an
allegation of a special relationship or fraud.

10

In his opposition to the motions, the plaintiff asserts that he is not suing the defendants "because they failed to publish 'Plaintiff's speech," but because they failed in their duty to expose corruption of public officials, relying on dicta from the concurring opinion in New York Times v. United States, 403 U.S. 713, 717, 91 S. Ct. 2140, 2143 (1971) (Black, J., concurring), that "paramount among the responsibilities of a free press is the duty to prevent any part of the government from deceiving the people." However, no such duty exists on the part of the publisher to the plaintiff under New York law. Accordingly, since the plaintiff failed to allege that the defendants owed him a duty of care under New York law, he failed to plead plausible factual content stating a claim to relief.

The defendants contend that the First Amendment precludes the remedy the plaintiff seeks, namely, forcing the defendants "to uncover alleged wrongdoing relating to Plaintiff's unsuccessful litigation over air rights" and publish it (AP group defendants) and "to publish his story and listen to his speech (The Times and NBC), each making citation to Miami Herald Publ'g Co. v. Tornillo, 418 U.S. 241, 94 S. Ct. 2831 (1974). The issue in Miami Herald Publ'g Co. was "whether a state statute granting a political candidate a right to equal space to reply to criticism and attacks on his record by a newspaper violates the guarantees of a free press." Id. at 243, 94 S. Ct. at 2832. Where "governmental coercion" is implicated, the Supreme Court said it "brings about a confrontation with the express provisions of the First Amendment and the judicial gloss on that Amendment developed over the years." Id. at 254, 94 S. Ct. at 2838. The Supreme Court found that the statute "fails to clear the barriers of the First Amendment because of its intrusion into the function of editors." Id. at 258, 94 S. Ct. at 2839. Although this case does not involve government compulsion, commanding the defendants to gather information and publish the content the plaintiff wishes, would implicate, similarly, the defendants' First

11

Amendment rights. As the AP group defendants note, "[t]he Supreme Court has implied consistently that newspapers have absolute discretion to determine the contents of their newspapers." Passaic Daily News v. N.L.R.B., 736 F.2d 1543, 1557 (D.C. Cir. 1984). Thus, granting the equitable remedy of compelling the defendants to publish what they prefer to withhold would run afoul of the defendants' First Amendment rights.

The Court finds that granting leave to the plaintiff to amend the complaint would be futile, because the relief the plaintiff seeks is barred by the First Amendment and, in the circumstance of this case and under the most liberal interpretation of the plaintiff's allegations, no plausible factual content can allow the court to draw the reasonable inference that the defendants may be liable for the alleged misconduct.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendants' motions, Docket Entry Nos. 9, 19 and 22, be granted, without leave to replead.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will*

12

*preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v.

Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                    Respectfully submitted,
      October 4, 2016

Copy mailed to:                              *Kevin Nathaniel Fox*
                                         KEVIN NATHANIEL FOX
James H. Brady                               UNITED STATES MAGISTRATE JUDGE

*jamesbrady.mo2*

13