USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 11 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JAMES H. BRADY,

                  Plaintiff,

    -against-

ASSOCIATED PRESS TELECOM; NBC NEWS
NEW YORK; WCBS-TV NEW YORK; THE
NEW YORK TIMES COMPANY; THE NEW
YORK POST; NEW YORK DAILY NEWS; THE
WALL STREET JOURNAL; NEWSDAY
MEDIA GROUP; and JOHN DOES 1-50,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2693 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff James Brady initially filed this action against Associated Press Telecom, NBC News New York, WCBS-TV New York, The New York Times Company ("The Times"), The New York Post, The New York Daily News, The Wall Street Journal, and Newsday Media Group. (Compl., ECF No. 1.) Plaintiff seeks "a mandatory injunction" against Defendants because they have allegedly "violated their duty to the public" by keeping "the largest public corruption scandal in US history out of the news," (*id.* ¶ 1), and "$100 million in punitive damages to send the right message to named media Defendants" for their alleged "depraved indifference." (*Id.* ¶ 62.)

This matter was referred to Magistrate Judge Kevin N. Fox on April 18, 2016. (ECF No. 3.) Before this Court is Magistrate Judge Fox's Report and Recommendation, ("Report," ECF No. 62), recommending that this Court grant with prejudice the motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) made by 1) The Times, (ECF No. 9); 2) the Associated Press, CBS Broadcasting Inc., Daily News, L.P., Dow Jones & Company, Inc. (erroneously sued as "The Wall Street Journal"), and Newsday LLC (collectively "AP Group Defendants," ECF No. 19); and 3) NBCUniversal Media LLC, erroneously sued as NBC News

New York ("NBC," ECF No. 22).[1] (*Id.* at 12.) In his Report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 12-13); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the Report.[2] (*See* Pl.'s Obj. to Report ("Pl.'s Obj."), ECF No. 65) Defendants filed timely responses to Plaintiff's objections.[3] (The Times' Resp. to Pl's. Obj. ("NYT Resp."), ECF No. 70; AP Defs.' Resp. to Pl.'s Obj. ("AP Resp."), ECF No. 71; NBC's Resp. to Pl.'s Objs. ("NBC Resp"), ECF No. 67.)

This Court overrules Plaintiff's objections and adopts Magistrate Judge Fox's recommendation. The motions to dismiss for failure to state a claim by The Times, the AP Group Defendants, and NBC are GRANTED because Plaintiff's Complaint has failed to state a claim upon which relief can be granted and Plaintiff's requested relief is barred by the First Amendment.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

[2] Plaintiff objects wholesale to the Report because Magistrate Judge Fox did not schedule an oral argument on this motion, claiming that when Plaintiff previously had oral arguments before the State Court on the same issues, Plaintiff "crushed the multiple attorneys from the multiple international law firms that represented the defendants." (Pl.'s Obj., at 1-3.) This objection runs squarely into well-settled case law that, as the Second Circuit "noted over thirty years ago, [m]otions may be decided wholly on the papers, and usually are." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315-16 (2d Cir. 1998) (quoting *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 366 (2d Cir. 1965) (internal quotation marks omitted)).

Plaintiff appears to also object to the Report on the ground that Magistrate Judge Fox has refused to address Defendants' purported "fraud upon the court by officers of the court and violations of Judiciary Law 487." (Pl.'s Obj., at 9.) Plaintiff baldly claims that the attorneys for Defendants "perjured themselves," "committed violations of Judiciary Law 487," "slandered plaintiff," and "presented false instruments." (*Id.*)

[3] On October 24, 2016, Plaintiff submitted a letter to this Court arguing that because Defendants did not respond to Plaintiff's October 13, 2016 objections within fourteen days of the entry of the Report on the docket (October 4, 2016), any responses would be untimely. Contrary to Plaintiff's assertion, Federal Rule of Civil Procedure 72(b) plainly provides that a "party may respond to another party's objections within fourteen days of being served with a copy." Fed. R. Civ. P. 72(b).

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter, as it is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). However, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument. *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal citation and quotation marks omitted). Furthermore, where a litigant's objections are conclusory, repetitious, or perfunctory,

3

the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547-48 (S.D.N.Y. 2009).

## II. AIDING AND ABETTING CONSPIRACY TO DEFRAUD AND CONSPIRACY AGAINST RIGHTS CLAIM

Plaintiff objects to the Report's finding that 1) Plaintiff failed to allege any material misrepresentation of a fact by any media defendant, (Report, at 9), and that 2) no private cause of action for a "conspiracy against rights" lies pursuant to 18 U.S.C. § 241, (*id.*). (Pl.'s Obj., at 3, 5, 9.) Without citing any relevant legal authority and relying only upon his own assertions, Plaintiff claims that "the August 15, 2016 deposition testimony of Arthur Greene did prove the existence of fraud by over 24 state justices, Governor Cuomo, Attorney General Eric Schneiderman, Manhattan District Attorney Cyrus Vance, the Media Defendants[,] and their attorneys." (*Id.* at 5.) According to Plaintiff, "[t]he role of the media was to hide the scandal from the public, and then, . . . deny any wrongdoing" by government officials. (*Id.* at 6.)

Plaintiff's objections have no legal basis. First, as the Report properly states, "[t]here is no substantive tort of conspiracy. Hence, there are no separable elements of a cause of action of conspiracy to allege." (Report, at 8 (citing *Goldstein v. Siegel*, 19 A.D.2d 489, 492 (App. Div. 1963).) Furthermore, Plaintiff has not sufficiently, nor with any particularity, alleged any fraudulent predicate actions or misstatements by Defendants on which to base his conspiracy to defraud claim that could meet the heightened pleading standard set forth by Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b); (Report, at 9).

As to Plaintiff's conspiracy "against rights" claim, Plaintiff may not bring a civil claim under a criminal statute where courts have found no private cause of action lies. *See, e.g., Moriani v. Hunter*, 462 F. Supp. 353, 355 (S.D.N.Y. 1978) ("In addition, 18 U.S.C. §§ 241, 242 are criminal statutes, which do not create private rights of action for their violation.")

4

Accordingly, the Report properly found that Plaintiff's has failed to allege conspiracy claims based on either underlying fraudulent behavior or deprivation of rights by Defendants. (*Id.* at 9.)

### III. FIFTH AND FOURTEENTH AMENDMENT CLAIM

Plaintiff does not explicitly object to the Report's finding that Plaintiff's § 1983 claim suffers from a fatal lack of allegations that Defendants in this action acted "under the color of state law." (Report, at 9.) Accordingly, the Report correctly held that Plaintiff failed to state a claim under § 1983.

### IV. NEGLIGENCE CLAIMS[4]

Plaintiff does not explicitly object to the Report's findings on negligent misrepresentations by Defendants to Plaintiff. The Report held that a successful negligence claim must allege a duty of care on behalf of a defendant to a plaintiff. (Report, at 8 (citing *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 576 (2001)).) The Report then found that, under New York law, Defendants do not have a legally-binding duty to the Plaintiff "to prevent any part of the government from deceiving the people." (*Id.* at 11.)

Because Plaintiff failed to allege any duty—a necessary element of any negligence cause of action—the Report properly found that his negligence claims fails. *See Greenberg*, 17 N.Y.3d at 576.

---

[4] This Court notes that Plaintiff's purported fourth and fifth causes of action, gross negligence and willful misconduct, are not separate causes of action, but rather a standard of care under New York common law that goes to the undertaking of a defendant's duty. *See, e.g., Greenapple v. Capital One, N.A.*, 939 N.Y.S.2d 351, 353 (2012) ("[Notwithstanding that the purchase agreement between plaintiff and Goldberg premises Goldberg's liability only upon demonstration of gross negligence or willful misconduct, the complaint nevertheless states a cause of action for breach of fiduciary duty under this diminished standard of care . . . ."); *Food Pageant, Inc. v. Consol. Edison Co.*, 54 N.Y.2d 167, 172 (1981) ("[G]ross negligence had been termed as the failure to exercise even slight care . . . .").

5

## V. FIRST AMENDMENT BAR

Finally, the Report held that granting the equitable remedy of a mandatory injunction "compelling defendants to publish what they prefer to withhold would run afoul of [D]efendants' First Amendment rights." (Report, at 12.)

Plaintiff objects with the legally unsupported assertions that "the Media Defendants colluded in a terrible crime," that "the first amendment [sic] was not intended to permit the press to cover up the criminal actions of the judicial and law enforcement branches of government[,]" and that "[c]ompelling the NEWS AGENCIES to be truthful to the public is not a violation of the First Amendment." (Pl.'s Obj., at 11.)

As the United States Supreme Court has noted,

> The choice of material to go into a newspaper, and the decisions made as to limitations on the size and content of the paper, and treatment of public issues and public officials—whether fair or unfair—constitute the exercise of editorial control and judgment. It has yet to be demonstrated how governmental regulation of this crucial process can be exercised consistent with First Amendment guarantees of a free press as they have evolved to this time.

*Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 258-59 (1974). Such direction by this Court or any governmental entity as requested by Plaintiff would be exactly the type of interference against which the First Amendment guarantees the freedom of the press and freedom of speech. Therefore, the Report properly held that the relief Plaintiff seeks is barred by the First Amendment. (*See* Report, at 12 (quoting *Passaic Daily News v. N.L.R.B.*, 736 F.2d 1543, 1557 (D.C. Cir. 1984) (internal citations omitted) ("The Supreme Court has implied consistently that newspapers have absolute discretion to determine the contents of their newspapers.")).)

## VI. CONCLUSION

Having reviewed Magistrate Judge Fox's Report and Recommendation, this Court overrules Plaintiff's objections and adopts the Report in full.

Defendants' motions to dismiss are GRANTED with prejudice. Plaintiff is denied leave to amend, as amendment would be futile.

The Clerk of the Court is directed to close the motions at ECF Nos. 9, 19, and 22.

Dated: New York, New York
January 10, 2016

JAN 11 2017

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

7